UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| ERIC DAWAYNE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 21-275-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| ALEXIS CHANDLER, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Eric Dawayne Jackson is a federal inmate previously confined at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. Proceeding without an attorney, Jackson has filed a civil complaint against Defendants Alexis Chandler and Corizon Health, Inc. [R. 6][1] By prior Order, the Court granted Jackson's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [R. 9] Thus, the Court must conduct a preliminary review of Jackson's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). At this stage, the Court accepts Jackson's factual allegations as true and liberally construes Jackson's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Jackson's complaint is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

---

[1] In compliance with the Court's instructions, Jackson has re-filed his complaint on the appropriate form. [R. 5, 6]

In his complaint, Jackson identifies Chandler as a "Residential Re-entry Manager" at a Residential Reentry Center ("RRC," or a halfway house) located in Cincinnati, Ohio. [R. 1 at p. 2; R. 6] In prior pleadings in Jackson's criminal case, Jackson indicated that Chandler was the manager at the federal RRC to which he was transferred prior to his release from federal custody. *See United States v. Jackson*, 5:13-cr-066-DCR-JGW (E.D. Ky. 2013) at R. 189, 191, 194. Jackson was serving a 120-month federal sentence and was released by the Bureau of Prisons ("BOP") to the Cincinnati Community Corrections Office, which is a BOP Residential Reentry Management ("RRM") field office. The Cincinnati Community Corrections Office coordinated Jackson's placement at the Dismas Charities (halfway house) in Lexington, Kentucky, which then allowed Jackson to be placed on Home Detention at his mother's residence beginning in June 2020. However, Jackson subsequently failed to comply with his release conditions and his home detention was revoked on September 8, 2020. His violations of his conditions of release led to the BOP's decision to house Jackson in a secure facility (specifically, the FCDC) for the remainder of his federal sentence.[2]

In his complaint, Jackson alleges that Chandler: (1) failed to provide treatment for Jackson's diagnosed conditions by failing to send Jackson to a medical facility; (2) "ignore[ed] obvious conditions and fail[ed] to investigate enough to make an informed judgment;" (3) had been informed by Jackson that he had sleep apnea; and (4) delayed and interfered with Jackson's

---

[2] This procedural history of Jackson's confinement was set forth by the United States in its response to a motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Jackson. *See United States v. Jackson*, 5:13-cr-066-DCR-JGW (E.D. Ky. 2013) at R. 196. The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). While Jackson disputed some of the facts related to his violations of the conditions of his release, Jackson did not dispute the explanation of the events leading to his confinement at the FCDC.

access to treatment by telling the United States Attorney's Office that Jackson would serve out the remainder of his sentence from the FCDC. [R. 6 at p. 2] Jackson alleges that Corizon Health: (1) failed to provide treatment for his diagnosed sleep apnea; (2) failed to get his sleep study records from Baptist Health; (3) "ignore[ed] obvious conditions and fail[ed] to investigate to make an informed judgment;" and (4) delayed and interfered with Jackson's access to treatment because staff told him that they were checking into his records. [R. 6 at p. 3] Based on these allegations, Jackson brings claims for violation of his rights under the Eighth and Fourteenth Amendments. As relief, Jackson seeks monetary relief in the amount of $300,000.00 for pain and suffering and emotional distress and an order directing that Chandler must pay for any medical bills due to his sleep apnea and stress upon his release from custody. [R. 6 at p. 8]

However, after reviewing the complaint pursuant to 28 U.S.C. §§ 1915, 1915A, the Court finds that Jackson's complaint must be dismissed for failure to state a claim for which relief may be granted. A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Conclusory claims that Defendants violated Jackson's rights, with no factual allegations supporting such a claim, are insufficient to state a claim for relief. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

Jackson's allegations are insufficient to state a viable claim against either of the Defendants named in his complaint. With respect to his claims against Chandler, the gist of Jackson's claim against her is that she "failed to provide treatment" for his sleep apnea by placing him at the FCDC rather than a medical facility. To the extent that Jackson claims that his placement violates his due process rights, "[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' and the treatment programs (if any) in which he may participate." *Tapia v. United States*, 564 U.S. 319, 331 (2011) (citing 18 U.S.C. §§ 3621(b), (e), (f); 3624(f); 28 C.F.R. pt. 544 (2010)). An inmate has no liberty interest in being placed in any particular penal institution, *Olim v. Wakinekona*, 461 U.S. 238, 247 (1983), or classified at any particular security level, *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995), and hence no rights protected by the Due Process Clause in that regard. *Sandin*, 515 U.S. at 484-86. *See also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("...the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.") (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) ("Congress has given federal prison officials full discretion to control [prisoner classification and eligibility for rehabilitative programs in the federal system], 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003). Thus, placement and classification decisions with respect to federal prisoners are within the discretion of BOP prison officials, *see* 18 U.S.C. §§ 3621(b), and there are no grounds for the Court's interference with the BOP's decision. *See LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) ("Absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed."). *See also Meachum v.*

4

*Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison, if, as is likely, the State has more than one correctional institution."); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995) ("Prisoners do not have a constitutional right to be incarcerated in any particular institution."); *Archer v. Reno*, 877 F. Supp. 372, 377–78 (E.D. Ky. 1995).[3] Thus, Jackson fails to state a due process claim based upon his placement at the FCDC.

Nor are Jackson's allegations that Chandler "interfered" with his medical care by placing him at the FCDC even though he told her that he has sleep apnea sufficient to state a claim for an Eighth Amendment violation. The Eighth Amendment "does not mandate comfortable prisons," but requires prison officials to provide inmates with "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987). Rather, "[e]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992).

A prison official violates the Eighth Amendment only when two requirements are met: (1) "the deprivation alleged must be, objectively, 'sufficiently serious,'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) and (2) the prison official has a "sufficiently culpable state of mind," which is "one of 'deliberate indifference' to inmate

---

[3] Indeed, the BOP's placement decisions are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-cv-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 297) (other citations omitted). With respect to the requisite state of mind, the Supreme Court has instructed that:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837 (citations omitted). Thus, to state a viable Eighth Amendment claim, an inmate must allege that a prison official: (1) was actually aware of facts giving rise to an inference of a substantial risk of serious harm; (2) actually drew that inference; and (3) consciously disregarded it. *Id*. at 837, 839. *See also Jones v. Muskegon Co.*, 625 F.3d 935, 941 (6th Cir. 2010). Jackson's bare allegation that he told Chandler that he had sleep apnea is insufficient to allege that Chandler (1) was aware of facts giving rise to an inference of a substantial risk of serious harm to Jackson from his placement at the FCDC; (2) actually drew that inference; and (3) consciously disregarded it in deliberate indifference to Jackson's safety.

Nor are Jackson's vague and entirely conclusory allegations that Chandler "ignored obvious conditions" and "failed to investigate enough to make an informed judgment" sufficient to properly plead an Eighth Amendment claim, as "[l]egal conclusions that are 'masquerading as factual allegations' will not suffice." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563–64 (6th Cir. 2011) (quoting *Terry v. Tyson Farms, Inc.,* 604 F.3d 272, 276 (6th Cir.2010) (other citations omitted)). *See also Twombly*, 550 U.S. at 555; *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) (vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are insufficient to adequately state a claim for relief). Moreover, "[d]eliberate indifference is characterized by obduracy or wantonness—it cannot be predicated on negligence, inadvertence, or good faith

error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (citation omitted). The subjective component of such a claim requires a showing that each Defendant was actually aware of substantial risk of harm to Jackson yet, through his or her actions, consciously and deliberately chose to disregard that risk, a much more demanding standard than mere negligence. *Farmer*, 511 U.S. at 835; *Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011) ("Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'") (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998)); *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) ("[T]he requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment.") (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Finally, Chandler is a prison administrator, not a medical professional, and Jackson makes no allegation that she was directly and personally involved in making medical decisions regarding Jackson's medical care. *See Estate of Young v. Martin*, 70 F. App'x 256, 260-61 (6th Cir. 2003) (plaintiff failed to establish warden's personal involvement in inmate's medical care). To establish that non-medical personnel such as a warden or jailer was deliberately indifferent to an inmate's serious medical needs, the plaintiff must demonstrate that he or she intentionally prevented or interfered with a doctor's course of appropriate treatment, or directly or tacitly authorized the physician's clear mistreatment or neglect of an inmate, none of which is alleged here. *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) ("If a prisoner is under the care of medical experts...a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."). *See also Coleman v. Lappin*, No. 6: 10-CV-186-GFVT, 2011 WL 4591092, at *6-7 (E.D. Ky. 2011) (collecting cases). Jackson does not allege that Chandler personally and intentionally

7

interfered with any specific medical treatment that was actually ordered by medical providers, thus he fails to adequately allege an Eighth Amendment claim against her.

Jackson also fails to adequately allege a constitutional claim against Corizon. A private corporation that performs a public function, such as contracting with the state to provide medical care in its prisons, may be found to act under color of law for purposes of 42 U.S.C. § 1983. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). Nevertheless, "respondeat superior alone cannot create liability under § 1983." *Id.* at 748-49. Rather, for a suit to lie against a private corporation, it must act "pursuant to a policy or custom." *Id.* at 749. "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)(citations omitted).

Thus, as with a county government, Corizon is only responsible under § 1983 if its employees cause injury by carrying out the corporation's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), and a plaintiff must specify the corporate policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Jackson has not alleged or identified a policy or custom of Corizon that resulted in the alleged violation of a constitutional right, but rather seeks to hold the company liable for the actions of its employees. Accordingly, Jackson's complaint fails to state a constitutional claim against Corizon. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

For all of these reasons, Jackson's complaint fails to state a claim for which relief may be granted against any of the Defendants. While the Court construes *pro se* pleadings with some

8

leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."). Jackson's failure to adequately allege a viable claim against any of the Defendants does not give this Court license to create allegations or claims on his behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Because Jackson has failed to adequately allege a claim for which relief may be granted, his complaint will be dismissed without prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1. Jackson's complaint [R. 6] is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously herewith.

This 21st day of June, 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge

9